# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMETT P., by and through his parents, Allison H.P. and Michael P., Plaintiff, | : : : : | CIVIL ACTION |
| v. | : : : | |
| TWIN VALLEY SCHOOL DISTRICT, Defendant. | : : | No. 20-2078 |

## MEMORANDUM OPINION

**Timothy R. Rice**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**April 21, 2021**
**U.S. Magistrate Judge**

　　Plaintiff moves for attorney's fees and costs pursuant to Section 504 of the Rehabilitation Act, ("504"), 29 U.S.C. § 794. Pl. Mot. (doc. 22). For the following reasons, I award $184,918.71 in attorney's fees and costs.

　　I may award Plaintiff Emmett P. "reasonable attorney's fees" as a prevailing party on his 504 claim. 29 U.S.C. § 794a(b); Ward v. Philadelphia Parking Auth., 634 F. App'x 901, 903 (3d Cir. 2015) ("Congress has [] unambiguously authorized the award of attorneys' fees to a "prevailing party" in any action commenced under . . . the Rehabilitation Act."). Plaintiff must prove the fee request is fair, Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001), by submitting documentation of the hours worked and rates charged, along with evidence demonstrating both are reasonable, M.M. v. Sch. Dist. of Philadelphia, 142 F. Supp. 3d 396, 404 (E.D. Pa. 2015). The "lodestar," or the reasonable rate multiplied by the reasonable number of hours worked, is the basis for the award. Id. (citing Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005)).

　　A "reasonable rate" is determined based on the community's prevailing market rate for

attorneys of similar experience and skill at the time of the fee petition, and I must review the hours billed to exclude any that are unnecessary, redundant, or inadequately documented. M.M., 142 F. Supp. 3d at 404. I have discretion in determining reasonable attorney's fees, but I must explain any changes to the fees requested. United States ex rel. Palmer v. C&D Techs., Inc., 897 F.3d 128, 137 (3d Cir. 2018).

**Relevant Facts**

Plaintiff's law firm, McAndrews, Mehalick, Connolly, Hulse & Ryan P.C. ("McAndrews") provides documentation of $294,708.54 in fees and costs, but voluntarily reduces the request to $219,593.20 based on "the global circumstances in this matter," which included litigating through the pandemic. Reply (doc. 26) at 16; Pl. Br. at 12. Defendant contends an award of only $105,379.11 is supported. Def. Br. (doc. 23) at 17.

Plaintiff, who was identified for the gifted program in kindergarten and for 504 support in third grade, had originally requested compensatory education, the cost of private evaluations, and private school tuition reimbursement, but dropped the claim for tuition reimbursement on the first day of the due process hearing. Mot. for Judgment (doc. 11) at 5. On appeal, Defendant contested the hearing officer's award on its merits and the statute of limitations. Id. at 7, 12. I affirmed on both bases. 2/3/21 Opinion and Order (docs. 20, 21).

Defendant challenges the fee award largely based on the inexperience of the two lead attorneys for the case: Henry Young, who took primary responsibility for the administrative hearing, and John Goldsborough, who took primary responsibility for the federal appeal. Def. Br. at 5-6. Goldsborough, who graduated law school in 1994, has extensive experience in federal appeals, but joined the McAndrews firm in 2019. Pl. Br., Ex. H. He practiced outside education law before then. Id. Young, a 2000 law school graduate, joined the McAndrews firm

2

in 2018 after practicing primarily securities and domestic violence law. Id. The McAndrews firm specializes in education law, with several senior members who are well-known in the specialty. Pl. Br., Exs. C-E; Reply, Ex. A.

**Analysis**

Defendant challenges Plaintiff's fee request based on: (1) the rates requested for the two lead attorneys; (2) the hours expended on the administrative hearing and appeal by the two lead attorneys; (3) the extent of the litigation's success; and (4) the time spent in multi-attorney conferences. Def. Resp. at 3-15. I adjust the award based on the first three objections, and award $184,918.71 in attorney's fees and costs.

**Reasonable Rates**

Plaintiff contends reasonable rates for his attorneys are $435/hour for Young and $505/hour for Goldsborough. Pl. Br., Ex. A. He justifies these rates with: (1) a declaration from the head of the McAndrews firm, verifying the hours spent, the firm's specialization, and the attorneys' rates; (2) declarations from other education law attorneys in the area, supporting the requested rates for the firm and Goldsborough; (3) the Community Legal Services (CLS) rate schedule; (4) orders from various cases awarding fees requested by the McAndrews firm; (5) information from the Department of Education's Office of Dispute Resolution, showing that few claimants bring stand-alone 504 cases; and (6) part of an education law newsletter highlighting the decision in this case. Pl. Br., Exs. A-L; Reply, Exs. A-D. The rates Plaintiff requests align with or are slightly lower than the CLS fee schedule, which is based on the number of years an attorney has been practicing law. See CLS fee schedule, Pl. Br., Ex. F. Plaintiff argues this was an unusually difficult case that warrants higher fees than average. Reply at 13-14.

Defendant suggests that reasonable rates are $375/hour for Goldsborough and $350/hour

for Young. Def. Br. at 8. It points out that the CLS fee schedule does not address years of practice in a particular specialty. Pl. Br. at 5. It argues that the expertise rewarded with high rates in education cases cannot be earned in the few years Goldsborough and Young have worked in this area. Id. at 5-7.

Other courts have reduced rates in education cases for attorneys with many years' experience outside the specialty. See, e.g., Sch. Dist. of Philadelphia v. Kirsch, No. 14-4910, 2017 WL 131808, at *6 (E.D. Pa. Jan. 11, 2017) (making "slight reductions" in the requested hourly rates to account for, inter alia, "the tenure and experience of parents' attorneys in the special education field"); I.W. v. Sch. Dist. of Philadelphia, No. 14- 3141, 2016 WL 147148, at *11 (E.D. Pa. Jan. 13, 2016) (reducing attorney's rate from $350 to $300 despite 14 years in practice based on limited experience in education law); E.C. v. Sch. Dist. of Philadelphia, 91 F. Supp. 3d 598, 606 (E.D. Pa. 2015) (reducing attorney's rate from $265 to $245 despite nine years in practice based on limited experience in education law); Charles O. v. Sch. Dist. of Philadelphia, No. 13-0512, 2014 WL 4794993, at *4 (E.D. Pa. Sept. 26, 2014) (reducing attorney's rate from $285 to $255 despite 12 years in practice based on limited experience in education law).

I award a rate of $485/hour for Goldsborough and $420/hour for Young. This leaves both attorneys in the same CLS range they requested but discounts their rate slightly based on their recent entry into this legal specialty. Id. My review of the billing records shows that reducing Goldsborough's rate from $505 to $485 results in a $5,852.20 reduction based on his 292.61 billed hours. Reducing Young's rate from $435 to $420 results in a $3,496.35 reduction based on his 223.09 billed hours. These adjusted rates reduce the fee award by $9,348.55.

4

**Reasonable Hours**

Defendant argues Young spent too long preparing for the administrative hearing, and that Goldsborough took too many hours preparing the federal appeal in this matter, probably due to their inexperience in education law. Def. Br. at 9-11. It further contends the attorneys spent too much time in consultation with each other and several senior, more experienced education law attorneys at the McAndrews firm. Id. at 14-15.

I decline to reduce the hours spent conferencing. See Rayna P. v. Campus Cmty. Sch., 390 F. Supp. 3d 556, 562 (D. Del. 2019) (declining to reduce hours spent conferencing because group strategizing ultimately reduces litigation costs). As Defendant concedes, the senior attorneys consulted have extensive experience in education law, a specialty to which Goldsborough and Young are relatively new. Allowing this kind of interaction benefits clients, and I note that several instances of conferencing were already voluntarily excluded from the requested fees. See, e.g., Reply, Ex. D at 78.

I agree that Young and Goldsborough's inexperience in education law led to an increase in their hours spent preparing for the administrative and federal appeals. See E.H. v. Wissahickon Sch. Dist., No. 19-5445, 2020 WL 6286709, at *6 (E.D. Pa. Oct. 27, 2020) (reducing excessive hours). The decision to use a separate appellate specialist also affected those numbers. See, e.g., Planned Parenthood of Cent. N.J. v. Attorney Gen. of New Jersey, 297 F.3d 253, 271 (3d Cir. 2002) (agreeing that "hours billed as a result of 're-staffing' . . . cannot be recovered"). Staffing an appellate specialist has potential benefits for the client, however, and therefore the hours recommended by Defendant are too low. I reduce the number of hours for each stage by 10% to account for the attorneys' education law inexperience and the attorney transition. This reduces Young's billings for the administrative hearing by 19.7 hours

($8,274.00) and Goldsborough's billings by 27.48 hours ($13,327.80), for a total reduction of $21,601.80 based on excessive hours.

**Success**

Finally, I reduce the number of hours Young billed in preparation for the administrative hearing by an additional five percent to account for the tuition reimbursement claim that was included in the original due process complaint but dropped the first day of the due process hearing. See I.W. v. Sch. Dist. of Philadelphia, No. 14- 3141, 2016 WL 147148, at *4 (reducing lodestar by 30% "to reflect the degree of success obtained in the administrative proceeding"). This will reduce the fee award by an additional 8.87 hours, or $3,724.14.

The total reduction to the fee request based on Defendant's objections is $34,674.49. Subtracted from the original request of $219,593.20, Plaintiff is awarded $184,918.71 in fees and costs.

An appropriate Order accompanies this Opinion.